IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No.: 18-cv-280

| | |
|---|---|
| ECONOMY PREFERRED INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  **COMPLAINT AND REQUEST FOR**<br>)  **DECLARATORY JUDGMENT** |
| DAVID DENICOLAIS AND GEICO INDEMNITY COMPANY | )<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiff Economy Preferred Insurance Company (Economy), by and through its undersigned attorneys, and pursuant to the United States Code, Title 28, Chapter 151 and Rule 57 of the Federal Rules of Civil Procedure, brings the following Complaint and Request for Declaratory Judgment against Defendant David Denicolais (Denicolais) and GEICO Indemnity Company (GEICO):

1. Economy is a corporation organized and existing under the laws of the State of Illinois with its principle place of business in Warwick, Rhode Island.

2. Defendant Denicolais is a citizen and resident of Wake County, North Carolina.

3. GEICO is a corporation organized and existing under the laws of the State of Maryland and with its principle place of business located at 5260 Western Avenue, Chevy Chase, Maryland and authorized to conduct business in the State of North Carolina. GEICO issued a motor vehicle policy to Denicolais for the period that includes the July 30, 2015 motor

vehicle accident and which includes certain combined uninsured/underinsured motorist terms and provisions.

4. This matter involves a dispute over uninsured motorist coverage in which Economy contends there is no coverage under Economy's policy for any injury or damage to Denicolais arising out of an accident that occurred on Interstate 40 involving a motorcycle driven by Denicolais. Denicolais contends, without supporting physical evidence, that the July 30, 2015 motor vehicle accident was caused by contact from a vehicle whose owner or operator are unknown.

5. On July 30, 2015 at approximately 8:30 pm, Denicolais was operating a 2002 BMW motorcycle that he owned on Interstate 40 near South Miami Blvd when his bike rolled over and he lost control of his motorcycle.

6. Denicolais claims that another vehicle was involved in the incident and that this phantom vehicle came into contact with the front tire of his motorcycle. However, Denicolais never looked to see if there if there were any physical markings on the tire of his motorcycle that would demonstrate contact between his motorcycle and the phantom vehicle. He also sold the motorcycle to another owner and the motorcycle was repaired before Denioclais provided Economy with notice of a claim and before Economy had any chance to inspect the vehicle for such evidence of contact.

7. GEICO issued a similar policy to Denicolais for similar combined uninsured/underinsured motorist coverage for the motorcycle at issue. GEICO has an interest in the outcome of this litigation as to whether it has coverage at all under its policy with Denicolais for any bodily injury and/or property damage claims by Denicolais for the July 30, 2015 motor

vehicle incident and whether its coverage would be primary or be co-primary with the Ecomony Policy.

8. Denicolais has made demands for coverage under the Economy Policy for injuries and damage arising out of the July 30, 2015 motor vehicle incident. Economy has asserted certain coverage defenses to those bodily injury and property damage claims based on the terms of the Economy Policy. Therefore, an actual justiciable controversy exists between Economy and Denicolais.

9. Economy seeks a declaration under the United States Code, Title 28, Chapter 151, that there is no coverage under the Economy Policy for Denicolais' bodily injury or property damage claims related to the July 30, 2015 motor vehicle incident involving Denicolais as described herein.

### THE ECONOMY POLICY

10. Economy issued a personal auto policy with Denicolais as a named insured, Policy Number 8085108750, with effective dates of May 21, 2015 to November 21, 2015. (the Economy Policy). (Exhibit A)

11. The Economy Policy contains the following provisions:

**PART C2 – COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE**

**Insuring Agreement**

a. We will pay compensatory damages with an insured is legally entitled to recover from the owner or operator of an **uninsured motor** vehicle because of:

1. **Bodily injury** sustained by an **insured** and caused by an accident; and

2. **Property damage** caused by an accident.

> The owner's or operator's liability for these damages must arise from the ownership, maintenance or use of the **uninsured motor vehicle**.
>
> . . .
>
> **Uninsured motor vehicle** means a land motor vehicle or trailer of any type:
>
> . . .
>
> 3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose operator or owner cannot be identified *and which hits*
>    a. Your or any **family member**;
>    b. A vehicle which you or any **family member** are **occupying**; or
>    c. **Your covered auto**.
>
> **EXCLUSIONS**
>
> . . .
>
> B. We do not provide coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.
>
> **LIMIT OF LIABILITY**
> The limit of bodily injury liability shown in the Declarations for each person for Combined Uninsured/Underinsured Motorists Coverages is our maximum limit of liability for all **bodily injury**, including damages for car, loss of services or death, sustained by any one person in any one auto accident.

12. GEICO issued a motor vehicle policy to Denicolais as a named insured, policy number 4390-26-81-28, with effective dates of April 8, 2016 to April 8, 2017, which also contains certain combined uninsured/underinsured motorist coverage terms and conditions.

13. Based on Plaintiff's statement under oath, there is no physical evidence that there was physical contact between Denicolais' motorcycle and the alleged phantom vehicle.

14. Because of the lack of physical contact between Denicolais' motorcycle and the alleged phantom vehicle, the alleged phantom vehicle also involved in the July 30, 2015 accident with Denicolais does not qualify as an "uninsured" motor vehicle under the terms of the Economy Policy.

15. Because Denicolais did not notify Economy prior to selling the motorcycle of prior to any repairs being performed on the motorcycle and because the motorcycle was repaired without Economy having an opportunity to examine his vehicle for evidence to show or disprove any contact between Denicolais' motorcycle and the alleged phantom vehicle, Economy has been substantially prejudiced in its ability to defend against any claim of contact between Denicolais' motorcycle and another vehicle.

16. The uninsured motorist claim by Denicolais is excluded from coverage under the Economy Policy.

17. Economy now institutes this declaratory judgment action to seek a court determination that for the reasons given herein and based on the terms of the Economy Policy, there is no coverage for Dencolais' uninsured motorist claim for bodily injury or property damage arising out of or related to the July 30, 2015 motor vehicle incident.

Wherefore, Economy respectfully requests the Court as follows:

   1. That the Court enter a declaration that there is no coverage under the Economy Policy for bodily injury or property damage claims arising out of or related to the July 30, 2015 accident described herein;

   2. That the Court declare all respective rights and obligations under the above-described Economy Policy for any claim of bodily injury or

property damage under the combined uninsured/underinsured motorist in the Economy Policy related to the July 30, 2015 accident;

3. That the costs of this action be taxed against some other party; and

4. For such other and further relief that the Plaintiff may be entitled or that the Court deems just and proper.

This the 14th day of June, 2018

**YATES, MCLAMB & WEYHER, L.L.P.**

By: /s/ Sean T. Partrick
SEAN T. PARTRICK
North Carolina State Bar No.: 25176
*Attorneys for Plaintiff*
Post Office Box 2889
Raleigh, North Carolina 27602
Tel: 919-835-0900; Fax: 919-835-0910
EMAIL: spartrick@ymwlaw.com