IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:18-cv-00280-M

ECONOMY PREFERRED INSURANCE )
COMPANY, )
)
Plaintiff, )
) **ORDER**
v. )
)
GEICO INDEMNITY COMPANY and )
DAVID JOSEPH DENICOLAIS, )
)
Defendants. )

This matter comes before the court on: (1) Plaintiff Economy Preferred Insurance Company's Federal Rule of Civil Procedure 54 ("Rule 54") motion seeking reconsideration of the court's April 9, 2020 order on the parties' competing motions for summary judgment (the "Order") [DE-45], filed June 2, 2020 [DE-48]; and (2) Defendant GEICO Indemnity Company's ("GEICO") Rule 54 motion seeking reconsideration of the Order, filed June 3, 2020 [DE-50], which is essentially duplicative of Plaintiff's motion.[1] Plaintiff and GEICO ask the court to revise the Order to grant summary judgment in their favor, and Plaintiff requests in the alternative that the court "issue a lesser sanction that adequately accounts for prejudice to Plaintiff." [DE-49 at 11; DE-51] For the reasons that follow, Plaintiff and GEICO's motions are DENIED.

---

[1] As mentioned in the Order [DE-45 at 2 n.1], GEICO is named as a defendant in Plaintiff's amended complaint, but those two parties made overlapping arguments within their respective motions seeking summary judgment because both parties seek declaratory judgments that Defendant David Joseph Denicolais cannot recover under the terms of the insurance policies the two had in place with Denicolais. [*compare* DE-25, *with* DE-28] Plaintiff argues that it is entitled to summary judgment on its claim against Denicolais brought within the amended complaint [DE-5], and GEICO argues that it is entitled to summary judgment on its cross-claim brought against Denicolais within its answer to the amended complaint [DE-12].

1

The relevant background facts are set forth in full within the Order [DE-45], and the court will not repeat them here.

Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Because the Order adjudicated fewer than all the claims pending in the case, and no final judgment has been entered, the Order is interlocutory and may be revised by the court pursuant to Rule 54(b) at this time. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) ("a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted").

The Fourth Circuit has said that Rule 54(b) motions for reconsideration may be granted where the movant shows that there has been: "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation marks, brackets, and citations omitted). "Like Rule 59(e) motions, Rule 54(b) motions should not be used to rehash arguments the court has already considered or to raise new arguments or evidence that could have been raised previously." *United States v. Lovely*, 420 F. Supp. 3d 398, 403 (M.D.N.C. 2019) (internal quotation marks and citations omitted). The decision of whether to grant or deny a Rule 54(b) motion is committed to the district court's discretion. *Carlson*, 856 F.3d at 325.

Because (1) there has been no trial in this case and (2) neither Plaintiff nor GEICO direct the court's attention to any change in the applicable law, the court construes Plaintiff and GEICO as taking the positions that the court made clear errors causing manifest injustice within the Order.

Plaintiff raises three arguments in support of its motion seeking reconsideration: (1) North Carolina law requires a N.C. Gen. Stat. § 20-279.21(b)(3)(b) claimant to prove physical contact with another vehicle

2

with physical evidence of the contact, and Denicolais has not forecast physical evidence of contact; (2) Plaintiff was prejudiced by Denicolais's failure to provide Plaintiff with timely notice of the accident; and (3) Plaintiff was prejudiced by the inability to conduct a forensic inspection of Denicolais's motorcycle, and that GEICO also did not conduct such an inspection. [DE-48] GEICO joins in the first argument only. [DE-50]

Plaintiff and GEICO's first argument attempts to relitigate the same argument made within Plaintiff and GEICO's summary-judgment papers, which the court rejected within the Order. *See Lovely*, 420 F. Supp. 3d at 403 ("Rule 54(b) motions should not be used to rehash arguments the court has already considered"). Because neither Plaintiff nor GEICO have persuaded the court that its conclusion was clearly erroneous, e.g., by citing to authority wherein a court applying North Carolina law has held that physical contact must be proven by a particular type of evidence, the court again rejects this argument.

Plaintiff's second argument that Denicolais failed to "give notice" to Plaintiff "within a reasonable time" as required by N.C. Gen. Stat. § 20-279.21(b)(3)(b)—to the extent it is distinct from Plaintiff's spoliation-of-evidence argument discussed below—is a new argument improperly raised for the first time by Rule 54(b) motion. *Id.* ("Rule 54(b) motions should not be used . . . to raise new arguments or evidence that could have been raised previously"). Indeed, neither of Plaintiff's summary-judgment briefs mentions the word "notice" or the phrase "reasonable time[.]" [DE-28; DE-33] The court therefore rejects Plaintiff's second argument as well.

Plaintiff's third argument is an attack on the court's reasoning for rejecting Plaintiff's spoliation-of-evidence argument. Plaintiff argues that the court clearly erred by concluding that Plaintiff was not denied the ability to adequately represent itself because it was unable to inspect Denicolais's motorcycle, which conclusion the court based in part upon the fact that GEICO was able to inspect the motorcycle but brought no evidence resulting from its inspection to the court's attention in support of its own no-physical-contact

3

argument. [DE-45 at 15–16] Plaintiff argues in its Rule 54(b) papers that GEICO's inspection did "not satisfy Plaintiff's need to perform its own forensic examination" of the motorcycle [DE-49 at 8], and attaches affidavits of: (1) GEICO's inspector, a claims adjuster without experience in forensic investigation, who states that he did not look for evidence of contact and only took photographs of the motorcycle [DE-49-1]; and (2) a forensic investigator who opined that the inspector's "photographs are inadequate to answer the question of whether contact occurred between the front tire of the motorcycle and another vehicle" [DE-49-2]. Plaintiff thus attacks the court's reasoning because (1) it is a different party than GEICO and (2) the inspection GEICO conducted was purportedly insufficient to discover the evidence Plaintiff might have discovered.

Plaintiff is correct that one party's ability to represent itself cannot be said to substitute for another party's ability to represent itself, even where, as here, those parties' interests are aligned and their arguments overlap. But the court never ruled that GEICO's inspection was a substitute for Plaintiff's ability to defend against Denicolais's insurance claim. The court ruled that Plaintiff's inability to inspect Denicolais's motorcycle did not entitle Plaintiff to summary judgment on its declaratory-judgment claim against him.

In its summary-judgment motion, Plaintiff sought summary judgment as a sanction for spoliation of evidence [DE-28 at 11–13], citing to Fourth Circuit precedent setting forth that even where, as here, there is no evidence of bad faith on the part of the allegedly-spoiling party, "dismissal may be necessary if the prejudice to the defendant is extraordinary, denying it the ability to adequately defend its case." *Silvestri v. GMC*, 271 F.3d 583, 593 (4th Cir. 2001). Accordingly, the question before the court was whether Plaintiff had shown that it had been extraordinarily prejudiced by the inability to inspect Denicolais's motorcycle, i.e., that Plaintiff's inability to inspect denied it the ability to adequately defend against Denicolais's

4

insurance claim, such that summary judgment (and thus effective "dismissal" of Denicolais's insurance claim) was proper.[2]

In the Order, the court cited GEICO's failure to come forward with any evidence resulting from its own inspection as support for its conclusion that Plaintiff's inability to inspect Denicolais's motorcycle was not a denial of Plaintiff's ability to adequately represent itself within the meaning of *Silvestri*. [DE-45 at 15–16] GEICO is another sophisticated automobile-insurance provider with an automobile-insurance policy with Denicolais that potentially covered Denicolais's bodily injuries, and GEICO therefore had an identical interest in ensuring that Denicolais's insurance claim was not fraudulent. The fact that GEICO sent an agent to inspect the motorcycle—even in the manner Plaintiff suggests was insufficient— demonstrates that GEICO took steps to ascertain whether there was any physical evidence that might provide a defense against Denicolais's claim. GEICO did not bring any evidence discovered at that inspection to the court's attention in support of its no-physical-contact argument within its own motion for summary judgment against Denicolais, which it ostensibly would have done had it learned of any evidence to bring forward. While not dispositive, this fact renders less compelling Plaintiff's argument that an inspection was so important that its inability to conduct one "den[ied] [Plaintiff] the ability to adequately defend" against Denicolais's insurance claim. *Silvestri*, 271 F.3d at 593.

That leaves the newly-raised evidence regarding the scope of GEICO's inspection, and Plaintiff's newly-made argument that GEICO's inspection was insufficient to discover the type of evidence Plaintiff

---

[2] The court notes that Plaintiff is not "defend[ing]" against, or seeking "dismissal" of, any legal claim in Plaintiff's declaratory-judgment lawsuit (or its motion for summary judgment thereupon), and Plaintiff has not directed the court's attention to any case in which *Silvestri* was invoked by a court granting summary judgment to a plaintiff. But because doing so does not change the outcome, the court will assume for purposes of its analysis that *Silvestri* is applicable in this context, without so holding.

5

might have discovered.[3] Plaintiff has never articulated exactly what evidence it believes its own inspection might have discovered. But both in considering Plaintiff's motion for summary judgment, and in considering the instant motion, the court carefully considered what evidence further inspection might have produced. And now, as then, the court concludes that the inability to discover and present such evidence is insufficient to cause Plaintiff extraordinary prejudice at this stage of the lawsuit.

Denicolais has claimed that the physical contact with the alleged phantom hit-and-run vehicle that he felt was with his motorcycle's front tire [DE-21 ¶ 1], so Plaintiff would be inspecting that tire for evidence that physical contact had not occurred. As a practical matter, in the context of a purported contact between a tire and a vehicle, the only physical evidence of a lack of contact would be a lack of evidence that there was contact: i.e., a tire lacking any evidence that contact had occurred. And even had Plaintiff (1) conducted the forensic inspection of the motorcycle that Plaintiff contends was indispensable and (2) found no evidence of physical contact on the tire, such a lack of evidence would not be evidence that contact had not taken place sufficiently convincing to get Plaintiff to summary judgment. *See De Leon v. Holder*, 761 F.3d 336, 345 (4th Cir. 2014) (Duncan, J., dissenting) ("The absence of evidence is not evidence of absence."); Fed. R. Civ. P. 56(a) (burden on movant to "show[] that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law"). Moreover, Denicolais forecast his accident-reconstruction expert's opinion that any physical contact with the alleged hit-and-run vehicle "would likely not leave physical evidence on the front tire of the motorcycle." [DE-35 at 7; DE-21-5 ¶ 4(d)] Thus, even if the evidence that Plaintiff is unable to discover because it was unable to inspect Denicolais's motorcycle had been forecast—likely, in the form of the inspector's testimony that

---

[3] Because it does not change the outcome, the court will disregard the fact that this evidence and Plaintiff's argument are raised for the first time in Plaintiff's Rule 54(b) motion. *See Lovely*, 420 F. Supp. 3d at 403 ("Rule 54(b) motions should not be used . . . to raise new arguments or evidence that could have been raised previously").

6

the front tire showed no evidence that physical contact had occurred—it would be insufficient to justify summary judgment, both as a matter of practical reality on the facts of this case and because Denicolais has forecast evidence that demonstrates a genuine dispute as to the import of the evidence that would require trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (a genuine dispute about a material fact precluding summary judgment exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party"). For multiple reasons beyond GEICO's failure to forecast evidence from its inspection, then, the court concludes that: (1) any prejudice to Plaintiff resulting from its inability to inspect Denicolais's motorcycle was not extraordinary within the meaning of *Silvestri*; (2) granting Plaintiff summary judgment would therefore be an excessive sanction on the facts presented, *see Silvestri*, 271 F.3d at 593 ("dismissal is severe and constitutes the ultimate sanction for spoliation"); and (3) Plaintiff's argument that the Order contains a clear error causing manifest injustice must be rejected.

Finally, the court notes that it appears that Denicolais has effectively conceded that no physical evidence exists that demonstrates that physical contact occurred. [DE-53 at 4] The court's conclusion that Plaintiff is not entitled to summary judgment on spoliation-of-evidence grounds should not be construed as a ruling that the court is unwilling to entertain motions to otherwise sanction Denicolais in the future, should Plaintiff make a request for an appropriate sanction at the appropriate time. Because Plaintiff has not specified any other sanction sought beyond the "ultimate sanction for spoliation[,]" *Silvestri*, 271 F.3d at 593, which the court concludes would be excessive, the court denies Plaintiff's request for alternative sanctions at this time.

7

For the reasons stated above, Plaintiff and GEICO's motions are DENIED.

SO ORDERED this the 10th th day of July, 2020.

*Richard E. Myers II*
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE